UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**MAGGS & MCDERMOTT, LLC**
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
T. (732) 223-9870
F. (732) 223-7367
Our File Number: 3329.0130
Attorneys for Plaintiff

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.<br><br>Plaintiff<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY<br><br>Defendants | Case No. 3:17-cv-13467<br><br>*(Electronically Filed)*<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, The Plastic Surgery Center, P.A. ("TPSC"), by and through its attorneys, Maggs & McDermott, LLC, by way of Amended Complaint against the Defendant, Aetna Life Insurance Company ("Aetna"), alleges as follows:

1. TPSC is a professional association organized and existing under the laws of the State of New Jersey, and a licensed medical practice specializing in plastic and reconstructive surgery which maintains its principal place of business at 535 Sycamore Avenue, Shrewsbury, New Jersey.

2. Aetna is a health insurance company authorized to conduct business in the State of New Jersey with offices located at 980 Jolly Road, Blue Bell, Pennsylvania.

3. Jurisdiction and venue are proper in this Court as alleged in Aetna's Notice of Removal, already on file with the Court, which properly invoked the Court's diversity jurisdiction over this case concerning the provision of medical services by TPSC to a patient in the State of New Jersey where the amount in controversy exceeds $75,000.

4. At all relevant times, Aetna issued a health insurance policy, or acted as an authorized agent of a health benefits plan, that provided medical benefits to D.W. (the "Plan"), which are the initials of a person to whom Aetna assigned Member ID Number W199547315-01, indicating that D.W. was a covered person under the Plan.

5. The Plan describes itself as providing medical benefits to covered persons through an "Exclusive Provider Organization," indicating that "[s]ervices and supplies obtained from Providers that are not Network PO Providers ["PO" standing for "Provider Organization"] will generally not be covered."

6. The Plan requires a covered person's practitioner to obtain pre-approval from Aetna before conducting surgery on a covered person.

7. At all times relevant, TPSC was not a Network PO Provider under the Plan.

8. On or about November 29, 2016, TPSC contacted Aetna by phone and spoke to a person in Aetna's surgical pre-approval department or unit. TPSC identified itself as an out-of-network provider and requested that Aetna pre-approve facial re-animation surgery for D.W. to be performed by TPSC on December 13, 2016. This request was referred to by TPSC and Aetna as a "network exception" request, referring to an exception from the Plan's general prohibition against paying for services rendered by out-of-network providers. Aetna responded by assigning "Pending Case #15725629" to TPSC's network exception request and requesting

more information from TPSC concerning the proposed surgery.

9. On November 30, 2016, TPSC faxed to Aetna clinical information and certain medical records concerning the surgery proposed for D.W., as requested by Aetna.

10. On or about December 12, 2016, Aetna contacted TPSC by phone and provided its agreement to pay for the surgery TPSC had proposed for D.W. according to the terms of the Plan.

11. The Plan covers the "reasonable charge" for surgical services, with reference to charges from other surgeons in the same geographic region, or in other geographic regions.

12. On December 13, 2016, TPSC provided to D.W. the facial surgery for which it had sought and obtained the approval of Aetna, as described above.

13. TPSC issued a bill for services to Aetna for the services described in the preceding paragraph in the amount of $420,750 for the services of two surgeons who performed the surgery. This sum is reasonable and consistent with the sums charged by other surgeons capable of performing the surgery.

14. Aetna paid TPSC $40,230.32 for the medical services provided to D.W. by TPSC on December 13, 2016.

15. Despite repeated demands and appeals by TPSC, Aetna has refused to make any further payment for the medical services provided by TPSC to D.W. on December 13, 2016.

16. The amount paid to TPSC by Aetna is unreasonable and not consistent with the prevailing and customary rates the surgery performed by TPSC.

17. All the medical services provided by TPSC to D.W. were medically reasonable and necessary.

## COUNT ONE
## Breach of Contract

18. TPSC repeats the foregoing paragraphs of the Amended Complaint as if the same were set forth herein.

19. TPSC and Aetna contracted for TPSC to perform surgery on D.W. and for Aetna to pay for the surgery according to the terms Plan.

20. TPSC provided all the medical services contracted for, and submitted a bill for its services on standard industry forms and according to standard industry billing procedures, but Aetna has failed and refused to pay TPSC for those services as agreed between the parties.

21. Specifically, Aetna has failed and refused to pay for certain procedures performed during the surgery and it paid below the amount required by the Plan for other procedures performed during the surgery.

## COUNT TWO
## Unjust Enrichment

22. TPSC repeats the foregoing paragraphs of the Amended Complaint as if the same were set forth herein.

23. TPSC conferred a benefit upon Aetna under circumstances where Aetna knew or should have known that TPSC expected to be reasonably compensated for the benefit conferred according to usual and customary prevailing rates for the surgery provided to D.W.

24. The benefits conferred by TPSC included permitting Aetna to fulfill its contractual obligation to D.W. to pay for medically necessary surgeries, such as the one at issue in this case.

25. Further, TPSC conferred a benefit on Aetna by permitting it to meet network adequacy requirements imposed on Aetna by state and federal law. On information and belief, Aetna did

not have a surgeon within its provider network that was capable of performing the surgery performed on D.W. by TPSC.

26. Under the circumstances, it would be unfair to permit Aetna to retain the benefits conferred upon it without further compensation to TPSC.

## COUNT THREE
### Promissory Estoppel

27. TPSC repeats the foregoing paragraphs of the Amended Complaint as if the same were set forth herein.

28. Aetna made a clear and definite promise to pay TPSC according to the terms of the Plan for the medical services provided to D.W. and should have expected that TPSC would rely upon that promise.

29. Aetna should have expected TPSC to rely upon its promise because, among other reasons, Aetna knew or should have known that the surgery was scheduled for December 13, 2016 and it made a promise on December 12, 2016 to pay for the surgery according to the terms of the Plan.

30. TPSC relied on Aetna's promise to its detriment, causing substantial damages equal to the reasonable value of the medical services provided by TPSC.

**WHEREFORE,** TPSC demands judgment against Aetna in an amount equal to the reasonable value of the uncompensated medical services TPSC provided to D.W., plus interest, costs of suit, and any other relief that the Court deems to be equitable and just.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

By:  /s/JAMES A. MAGGS

**MAGGS & MCDERMOTT, LLC**
**Attorneys for Plaintiff**

Dated: January 29, 2018

## DECLARATION PURSUANT TO LCR.11.2

I hereby declare under penalty of perjury pursuant to 28 U.S.C. 1746 that insofar as the undersigned is aware, and other than as stated above, the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding, nor is the same contemplated.

By:  /s/JAMES A. MAGGS

**MAGGS & MCDERMOTT, LLC**
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
T. (732) 223-9870
F. (732) 223-7367
Our File Number: 3329.0130
**Attorneys for Plaintiff**