**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.<br><br>Plaintiff<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY<br><br>Defendants | Case No. 3:17-cv-13467<br><br>*(Electronically Filed)*<br><br>**SECOND AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff, The Plastic Surgery Center, P.A. ("TPSC"), by and through its attorneys, Maggs McDermott & DiCicco, LLC, by way of Second Amended Complaint against the Defendant, Aetna Life Insurance Company ("Aetna"), alleges as follows:

1. TPSC is a professional association organized and existing under the laws of the State of New Jersey, and a licensed medical practice specializing in plastic and reconstructive surgery which maintains its principal place of business at 535 Sycamore Avenue, Shrewsbury, New Jersey.

2. Aetna is a health insurance company authorized to conduct business in the State of New Jersey with offices located at 980 Jolly Road, Blue Bell, Pennsylvania.

3. Jurisdiction and venue are proper in this Court as alleged in Aetna's Notice of Removal, already on file with the Court, which properly invoked the Court's diversity jurisdiction over this case concerning the provision of medical services by TPSC to a patient in the State of New Jersey where the amount in controversy exceeds $75,000.

4. At all relevant times, Aetna issued a health insurance policy that provided medical benefits to D.W. (the "Policy"), which are the initials of a person to whom Aetna assigned Member ID Number W199547315-01, indicating that D.W. was a covered person under the Policy.

5. On or about October 17, 2016, D.W. was referred to TPSC as a potential candidate for surgery.

6. Between October 17, 2016 and November 29, 2016, TPSC learned from D.W. that the Policy did not provide out-of-network benefits.

7. At all times relevant, TPSC was not a network or contracted provider with Aetna.

8. November 29, 2016, Christine Ennis of TPSC contacted Aetna by phone and spoke to a person in Aetna's surgical pre-approval department or unit. Ms. Ennis identified TPSC as an out-of-network provider and requested that Aetna consider reaching an agreement with TPSC to perform facial re-animation surgery for D.W. on December 13, 2016, despite the lack of out-of-network benefits in the Policy. Aetna responded by assigning "Pending Case #15725629" to TPSC's inquiry and requesting more information from TPSC concerning the proposed surgery. *See* Exhibit A (Ms. Ennis' redacted notes of negotiations and communications with Aetna).

9. On November 30, 2016, Christine Ennis faxed to Aetna clinical information and certain medical records concerning the surgery proposed for D.W., as requested by Aetna. The fax indicated that TPSC was requesting a "SINGLE CASE AGREEMENT." *See* Exhibit B.

10. Ms. Ennis had also been verbally informed by an Aetna representative on November 30, 2016, that if the surgery proposed for D.W. by TPSC were approved by Aetna, it would agree to pay TPSC at the "highest in network level." *See* Exhibit A.

11. On or about December 12, 2016, an after hours nurse from Aetna contacted TPSC by phone and stated that Aetna had agreed to approve and pay for TPSC's proposed surgery for D.W. *See* Exhibit A.

12. On December 13, 2016, TPSC provided the facial reanimation surgery to D.W.

13. TPSC issued a bill for services to Aetna for the facial reanimation surgery in the amount of $420,750 for the services of two surgeons who performed the surgery. The bill was submitted on a standard HCFA 1500 form and employed the use of CPT Codes to describe the various procedures performed.

14. Aetna paid TPSC $40,230.32 for the facial reanimation surgery provided to D.W. by TPSC on December 13, 2016. In making this payment, Aetna failed to pay anything for certain CPT codes billed, and paid below its "highest in network level" for the remainder of the codes billed.

15. Despite repeated demands and appeals by TPSC, Aetna has refused to make any further payment for the medical services provided by TPSC to D.W. on December 13, 2016.

16. All the medical services provided by TPSC to D.W. were medically reasonable and necessary.

## COUNT ONE
### Breach of Contract

17. TPSC repeats the foregoing paragraphs of the Second Amended Complaint as if the same were set forth herein.

18. TPSC proposed the parties enter a contract by requesting a "SINGLE CASE AGREEMENT" regarding D.W.'s proposed surgery.

19. Aetna offered to pay TPSC at the "highest in-network level" for D.W.'s proposed surgery.

20. TPSC accepted Aetna's offer and performed the proposed surgery on D.W. on December 13, 2016.

21. TPSC provided all the medical services contracted for, and submitted a bill for its services to Aetna.

22. Aetna has failed and refused to pay TPSC for those services as agreed between the parties.

23. Aetna has failed and refused to pay anything for certain procedures performed during the surgery on D.W.

24. Aetna paid TPSC below the amount of the "highest in network level" when rendering payment for the procedures it chose to pay for.

## COUNT TWO
### Promissory Estoppel

25. TPSC repeats the foregoing paragraphs of the Second Amended Complaint as if the same were set forth herein.

26. Aetna made a clear and definite promise to pay TPSC at the "highest in network level" for the medical services provided to D.W. and should have expected that TPSC would rely upon that promise.

27. Aetna should have expected TPSC to rely upon its promise because, among other reasons, Aetna knew or should have known that the surgery was scheduled for December 13, 2016 and it made a promise on December 12, 2016 to pay for the surgery at the "highest in network level."

28. TPSC relied on Aetna's promise to its detriment, causing substantial damages equal to the reasonable value of the medical services provided by TPSC.

**WHEREFORE**, TPSC demands judgment against Aetna for all relief available at law and equity, in an amount not less than the reasonable value of the medical services provided to D.W. or payment at the "highest in network level" for all the procedures separately billed by TPSC for the surgery provided to D.W., less amounts already paid by Aetna, plus interest, costs of suit and such other relief as the Court deems just and appropriate.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

MAGGS McDERMOTT & DiCICCO, LLC
Attorneys for Plaintiff

BY: */s/ Michael M. DiCicco/*
MICHAEL M. DiCICCO

DATED:      November 13, 2020

### DECLARATION PURSUANT TO LCR.11.2

I hereby declare under penalty of perjury pursuant to 28 U.S.C. 1746 that insofar as the undersigned is aware, and other than as stated above, the matter in controversy is not the subject of any other action pending in any Court or arbitration proceeding, nor is the same contemplated.

BY: */s/ Michael M. DiCicco/*
MICHAEL M. DiCICCO
**MAGGS MCDERMOTT & DiCICCO, LLC**
3349 Highway 138
Building C, Suite D
Wall, New Jersey 07719
T. (732) 223-9870
Our File Number: 3329.0130
Attorneys for Plaintiff

DATED:      November 13, 2020